CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

03/09/2018

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD TAYLOR,<br><br>*Defendant.* | CASE NO. 3:16-cr-50008<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

At the end of his sentencing hearing, this Court indicated that it would issue an order of forfeiture of $4,000 against Defendant Edward Taylor ("Defendant"). After further review of the evidence put forward by the parties and before entering judgment, the Court amends that oral order pursuant to Federal Rule of Criminal Procedure 35(a) and will not order Defendant to forfeit any money. This Memorandum Opinion further explains the basis for the Court's order.

"Forfeiture pursuant to § 853(a)(1) is limited to property the defendant himself actually acquired as the result of the crime." *Honeycutt v. United States*, 137 S. Ct. 1626, 1635 (2017). Defendant can only be required to forfeit the money he acquired through his participation in the overarching conspiracy; he cannot be required to forfeit money earned by a co-conspirator. The Government based the entirety of the proceeds attributable to Defendant on the 200 packets of the drugs offered to undercover agents as part of the 2015 drug seizure. (Dkt. 666). But as with his co-defendant wife, (*see* dkt. 683), Defendant did not "acquire[] [any money] as a result of [these packets]" because they were seized by the Government. *Honeycutt*, 137 S. Ct. at 1635. Because the packets themselves were seized, Defendant could not have received any other "proceeds" from this criminal activity. 21 U.S.C. § 853(a)(1); *see also United States v. Thompson*, No. 02-CR-116, 2002 WL 31667859, at *1 (N.D.N.Y. Nov. 26, 2002) (finding the

Government was not "entitled to forfeiture where . . . the drugs that were the subject of the conspiracy as defined in the Indictment were seized prior to it generating any income or proceeds").

Accordingly, the Court finds that there is no basis to enter a forfeiture award against Defendant.[1] An appropriate judgment will issue, and the Clerk of the Court is hereby directed to send a copy of this Memorandum Opinion to the Government, Defendant, and all counsel of record.

Entered this  9th  day of March, 2018.

*signature*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Additionally, in his initial brief on forfeiture, Defendant argued forfeiture was inappropriate because the jury was not instructed to determine the forfeitability of *specific property*. (Dkt. 538). But as other courts have found, the provision relied on by Defendant does not apply to the forfeiture of *money*. *See United States v. Phillips*, 704 F.3d 754, 771 (9th Cir. 2012) ("[T]his subsection does not apply to the monetary forfeiture."); *United States v. Jameel*, No. 2:13CR98, 2014 WL 5317860, at *3 (E.D. Va. Oct. 16, 2014) ("[T]he Defendant has no right to have a jury determine forfeiture since the Government is not seeking specific property forfeiture."), *aff'd*, 626 F. App'x 415 (4th Cir. 2015).